# United States Court of Appeals for the Fifth Circuit

_____

No. 24-10074
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**

November 25, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

LEOPOLDO VILLAREAL,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:23-CR-75-1

_____

Before BARKSDALE, STEWART, and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

Leopoldo Villareal challenges his 180 months' sentence (the statutory maximum), imposed following his guilty-plea conviction for possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). He contests the district court's application of a cross-reference contained in Sentencing Guideline § 2K2.1 (Guideline applicable to felon in possession of

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

firearm) to the attempted-murder Guideline under § 2A2.1 in calculating his base-level offense, and he further contends that the claimed Guidelines error was not harmless.

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

In contesting the court's application of the attempted-murder Guideline under § 2A2.1, Villareal asserts that he lacked the requisite specific intent. The Government contends that, because § 2A2.1 does not require a specific intent to kill, the court's application was proper. Although our court has not addressed this particular question, we need not do so here because any claimed error was harmless. *E.g.*, *United States v. Rebulloza*, 16 F.4th 480, 484–85 (5th Cir. 2021).

Assuming this issue was preserved in district court, claims of procedural error, like the one Villareal raises regarding the calculation of his Guidelines range, are also subject to harmless-error review. *E.g.*, *United States v. Reyna-Aragon*, 992 F.3d 381, 386 (5th Cir. 2021). Federal Rule of Criminal Procedure 52(a) provides that any error "that does not affect substantial rights must be disregarded". "Accordingly, a procedural error during sentencing is harmless if the error did not affect the sentence imposed." *Rebulloza*, 16 F.4th at 484 (citations omitted).

2

No. 24-10074

The district court stated it would have imposed the same sentence regardless of any Guidelines error in the light of the 18 U.S.C. § 3553(a) sentencing factors, with particular emphasis on the need to protect the public from Villareal's further crimes. The court explained that the statutory-maximum sentence was warranted under § 3553(a) because it found Villareal to be, *inter alia*, "incredibly dangerous". *E.g.*, *Reyna-Aragon*, 992 F.3d at 388 (5th Cir. 2021) (district court's explicit statement that it would have imposed same sentence regardless of any Guidelines-calculation error is sufficient to show error was harmless). The court's unambiguous statements at sentencing establish that the sentence was anchored to the specific facts of the instant case, and that the court had a particular sentence in mind regardless of the advisory Guidelines range. *E.g.*, *Rebulloza*, 16 F.4th at 484–85.

For the first time on appeal, Villareal also briefly challenges the constitutionality of § 922(g)(1). As he concedes, his challenges do not satisfy the plain-error standard of review. *E.g.*, *United States v. Jones*, 88 F.4th 571, 572–74 (5th Cir. 2023*), cert. denied*, 144 S. Ct. 1081 (2024). In any event, he raises the issues to preserve them for further review.

AFFIRMED.